# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# BLUEFIELD DIVISION

SAIPEN WILLIAMS,

    Petitioner,

v.                                                        Case No. 1:20-cv-00098

WARDEN, FPC ALDERSON,[1]

    Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for initial review and submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court is Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1).

## RELEVANT PROCEDURAL HISTORY

### A.  Petitioner's criminal proceedings.

At the time she filed this petition, Petitioner was incarcerated at the Federal Prison Camp at Alderson, West Virginia, serving a 245-month term of imprisonment imposed by the United States District Court for the Middle District of North Carolina, following her guilty pleas on October 5, 2004 to two counts of Armed Bank Robbery, in violation of 18 U.S.C. § 2113(d), and one count of Using or Carrying a Firearm, by Brandishing During a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A). On February 17, 2005,

---

[1] Due to a believed change in assignment of the Warden at FPC Alderson, the Clerk is directed to modify the docket sheet to reflect that the Respondent is "Warden, FPC Alderson."

Petitioner was sentenced to a term of 125 months on the bank robberies and a consecutive term of 120 months on the § 924(c) offense. Her Judgment Orders were entered on March 11, 2005. *United States v. Williams*, Nos. 1:04-cr-00315-1, ECF No. 35 and 1:04-cr-000316-1, ECF No. 36 (M.D.N.C. Mar. 11, 2005). Petitioner was further ordered to serve concurrent five-year terms of supervised release on each count. *Id*. Petitioner's appeal was dismissed under Rule 42(b) of the Federal Rules of Appellate Procedure on June 21, 2005. *United States v. Williams*, No. 05-4369 (4th Cir. June 21, 2005).

      **B.**     **Petitioner's post-conviction filings.**

On July 8, 2014, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, which was denied and dismissed as untimely. *Williams v. United States*, Case No. 1:14-cv-000580, 2015 WL 12910777 (M.D.N.C. Oct. 30, 2015). On February 26, 2016, Petitioner was denied a certificate of appealability and her appeal from the denial of her § 2255 motion was dismissed. *Williams v. United States*, No. 15-7790 (4th Cir. Feb. 26, 2016). Her petition for a writ of certiorari was denied on October 2, 2017. *Williams v. United States*, No. 16-9427 (U.S. Supreme Ct. Oct. 2, 2017).

Thereafter, Petitioner was twice denied authorization to file a second or successive section 2255 motion. *In re Saipen Williams*, No. 18-107 (4th Cir. Feb. 12, 2018) and *In re Saipen Williams*, No. 19-456 (4th Cir. Dec. 18, 2019). As relevant here, notwithstanding the lack of authorization, Petitioner also attempted to file at least one second or successive § 2255 motion in the United States District Court for the Middle District of North Carolina, which was denied as being unauthorized and because she challenged her § 924(c) conviction and sentence under *United States v. Davis*, 139 S. Ct. 2319 (2019) and the multiple conviction "anti-stacking" provision of the First Step Act, despite having only a single § 924(c) conviction. The sentencing court found that she was

not eligible for any reduction in sentence under the First Step Act or other relief under § 2255. *Williams v. United States*, No. 1:19-cv-00844 (M.D.N.C. Apr. 30, 2020).

### C. The instant § 2241 petition.

Petitioner filed the instant section 2241 petition on February 3, 2020, while she was incarcerated at FPC Alderson. She was subsequently released on March 18, 2022, presumably to serve her five-year term of supervised release. Her § 2241 petition asserts that her § 924(c) conviction and sentence were improper and in violation of her Fifth Amendment rights. In support of this claim, she again relies on the Supreme Court's decision in *United States v. Davis*, in which the residual clause contained in section 924(c)(3)(B) was declared void for vagueness. 139 S. Ct. 2319, 2336 (2019). Additionally, with respect to her § 924(c) conviction and sentence, Petitioner contends that she is "actually innocent of the STACKING provision which is keeping her incarcerated." (ECF No. 1 at 7). The petition seeks to have the remainder of Petitioner's term of imprisonment and her term of supervised release vacated or terminated and to be resentenced to time served. (*Id*. at 8).

Because it is apparent from the face of the petition that Petitioner is not entitled to any relief, the undersigned has not ordered Respondent to respond to the petition and is recommending summary dismissal.

### ANALYSIS

Petitioner's petition essentially asserts two claims for relief concerning her 924(c) conviction and sentence. First, she contends that the 924(c) conviction was improper after the Supreme Court's decision in *Davis*, *supra*. Second, she appears to rely on § 403 of the First Step Act of 2018 to challenge her consecutive 120-month sentence for her single § 924(c) conviction. The undersigned will address each claim in turn.

### *Davis claim*

On June 26, 2015, after Petitioner's direct appeal and while her first § 2255 motion was pending, the Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") is void for vagueness and that imposing an increased sentence thereunder violates due process. 135 S. Ct. at 2555-2563.

On April 18, 2016, the Supreme Court determined that *Johnson* affected the substantive reach of the underlying statute rather than the judicial procedures by which the statute was applied. Therefore, the Court held that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016). Accordingly, federal criminal defendants who can demonstrate that the residual clause of the ACCA arguably affected their sentence may seek relief under section 2255.

On April 17, 2018, the Supreme Court decided *Sessions v. Dimaya,* 138 S. Ct. 1204 (2018), holding that the residual clause contained in 18 U.S.C. § 16(b) is void for vagueness under a similar analysis to that in *Johnson*. And, more importantly, on June 24, 2019, in *United States v. Davis*, 139 S. Ct. 2319 (2019), the Supreme Court extended the *Johnson* vagueness analysis to the residual clause contained in 18 U.S.C. § 924(c)(3)(B).

In *Davis*, the Court rejected the government's argument that section 924(c)(3)(B)'s vagueness problem could be avoided by applying a case-specific, rather than a categorical, approach. *Id.* at 2327-2336. Thus, the Court determined that, similar to the ACCA and section 16(b), section 924(c)(3) requires a categorical approach to determining whether a crime meets either the force clause contained in subsection (A), or the residual clause

contained in subsection (B). Therefore, for the same reasons found by the Court in *Johnson* and *Dimaya*, the residual clause contained in section 924(c)(3)(B) has been declared void for vagueness. *Id.* at 2336; s*ee also United States v. Simms*, 914 F.3d 229, 233 (4th Cir. 2019) (finding that the residual clause of section 924(c) is unconstitutionally vague based upon *Dimaya*).

Petitioner relies upon *Davis* to assert that her 924(c) conviction and consecutive enhanced sentence thereunder were imposed in violation of her due process rights. Thus, although not specifically stated by Petitioner, she appears to be asserting that the now void residual clause contained in 924(c)(3)(B) was used to determine that her Armed Bank Robbery convictions under 18 U.S.C. § 2113(d) were crimes of violence, and that such crimes would not otherwise be sufficient to support her 924(c) conviction.

Petitioner's claim clearly challenges the validity of her 924(c) conviction and sentence, and not the way in which her sentences are being executed. Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in the court of conviction, which, in this case, is the United States District Court for the Middle District of North Carolina. Normally, a section 2255 motion filed in a court other than the sentencing court should be transferred to the sentencing court.

28 U.S.C. § 2241 is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative or supplemental remedy to that provided in section 2255, unless the petitioner can show that the remedy under section 2255 is inadequate or ineffective to test the legality of the petitioner's detention. *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas

5

corpus pursuant to § 2241."). *In re Jones* relies upon the statutory language presently found in 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This section is known as the "savings clause." The fact that relief under section 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of the petitioner's detention. *Id*. at 332.

Thus, before considering the petitioner's section 2241 petition on its merits, this court must first determine whether the remedy under section 2255 is inadequate or ineffective to test the legality of the petitioner's detention in order that he may pursue such relief under section 2241.

The United States Court of Appeals for the Fourth Circuit previously established a three-factor analysis for making this determination. The remedy under section 2255 is inadequate or ineffective when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the petitioner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333-334. More recently, the Fourth Circuit modified its test to determine whether the remedy under section 2255 is inadequate or ineffective with respect to sentencing challenges as follows:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled

> substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018). Thus, whether making a challenge to a conviction itself, or the accompanying sentence, a petitioner must satisfy each of these criteria in order to have their claim reviewed under section 2241.

In the instant matter, Petitioner cannot satisfy the criteria of either *Jones* or *Wheeler* with respect to her claim based on *Davis* because that decision is a <u>new rule of constitutional law</u> that may be applied retroactively on collateral review. Consequently, if she were even entitled to any substantive relief based on *Davis*, she would be able to meet the gatekeeping provisions of section 2255 to raise this claim, if at all, in a second or successive 2255 motion filed in her sentencing court.

However, it is also apparent that Petitioner cannot rely on *Davis* for relief because, although it found the residual clause in § 924(c)(3)(B) to be void, it did not affect the "force" or "elements" clause found in § 924(c)(3)(A), which can also be used to define a crime of violence under the statute, and armed bank robbery under 18 U.S.C. § 2113(d) has, in fact, been found to be a crime of violence under § 924(c)(3)(A). *See United States v. McNeal*, 818 F.3d 141, 153 (4th Cir. 2016) (armed bank robbery under 18 U.S.C. § 2113(d) is a crime of violence under the force clause).; *see also Jackson v. United States*, No. 1:10CR170-1, 2020 WL 8181681, at *2 (M.D.N.C. Oct. 7, 2020), *report and recommendation adopted*, 2021 WL 149028 (M.D.N.C. Jan. 15, 2021) (armed bank robbery under 18 U.S.C. § 2113(d) is a crime of violence under the force clause and is unaffected by the invalidation of the residual clause in § 924(c)(3)(B)). Therefore, Petitioner's conduct was still criminal and her conviction and sentence under § 924(c)

were not erroneous. Thus, Petitioner cannot meet either the second or third prongs of the *Jones* standard, or the third or fourth prongs of *Wheeler*. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that this United States District Court lacks jurisdiction to consider this claim under § 2241.

*First Step Act claim*

Section 403 of the First Step Act of 2018, P.L. 115-391, December 21, 2018, 132 Stat. 5194, § 403(a), amended the language of 18 U.S.C. § 924(c)(1)(C), which requires a mandatory minimum 25-year sentence for second or subsequent 924(c) offenses, and previously permitted "stacking" of sentences for multiple 924(c) counts arising out of the same conviction, to now allow stacking only where a prior 924(c) conviction was final at the time of the instant offense. *Id.* However, Petitioner only has one § 924(c) conviction and sentence. Thus, § 403 does not apply to her. Rather, it appears that Petitioner may simply be complaining about the fact that her § 924(c) sentence was run consecutive to her other sentences, which is still required by § 924(c)(1)(D)(ii).

Even if she were subject to relief under the First Step Act, Petitioner cannot meet the criteria of *Wheeler* to pursue this claim under § 2241 in this court because § 403 of the First Step Act is not retroactive. *See* § 403(b) (applying the change only "if a sentence for the offense has not been imposed as of such date of enactment"); *See also United States v. Wiseman*, 932 F.3d 411, 417 (6th Cir. 2019) ("the First Step Act is largely forward-looking and not retroactive, applying only where 'a sentence for the offense has not been imposed as of [the] date of enactment'") (quoting First Step Act of 2018, Pub. L. No. 115-391, § 401(c), 132 Stat. 5194, 5221 (2018)) (alteration in original); *United States v. White*, No. 93-cr-97 (BAH), 2019 WL 3719006, * 18 (D.D.C. Aug. 6, 2019) ("Sections 401, 402, and 403 are, thus, not retroactively applicable to those already sentenced.");

*Richmond v. Burnhart*, No. 6:19-cv-000654-REW, 2019 WL 2127304 (E.D. Ky May 15, 2019) (dismissing 2241 petition asserting claim under § 403 of First Step Act because not retroactively applicable change in substantive law); *Midkiff v. Warden, FCI Edgefield*, No. 8:19-cv-00077-TMC, 2019 WL 4894234, *4 (D.S.C. Oct. 4, 2019) (In relying on § 403 of the First Step Act, "Midkiff cannot satisfy *Wheeler'*s requirement that the "substantive law changed and was deemed to apply retroactively on collateral review."). Accordingly, the undersigned proposes that the presiding District Judge **FIND** that this United States District Court also lacks jurisdiction to consider this claim under § 2241.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and this civil action for lack of jurisdiction.

Petitioner is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, Petitioner shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). A copy of such objections shall be served on Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and mail a copy of the same to Petitioner at her last known address.

January 26, 2023

Dwane L. Tinsley
United States Magistrate Judge